UNITED STATES of America,
v.
Charles REEVES.
Crim. No. 719–68.

United States District Court
District of Columbia.
Dec. 3, 1968.

Frank J. Oberg, Washington, D. C., for defendant.

David G. Bress, U. S. Atty., Washington, D. C., for the United States.

## MEMORANDUM OPINION

PRATT, District Judge.

Defendant in this case has filed a motion in arrest of judgment under Rule 34, Fed.R.Crim.P. The issue here is whether a defendant who was never physically present at his "trial" which therefore resulted in a mistrial when his absence was noted, may now, following a subsequent trial and conviction, raise the question of double jeopardy.

On September 18, 1968, the case of "United States v. Charles Reeves, Crim. No. 719–68" was called, both sides responded "Ready," and the trial of Charles Reeves apparently commenced. After a jury had been impaneled and two witnesses had testified, a marshall informed the Court that a Charles Reeves was still in the cellblock and that the marshall suspected the purported defendant of being an imposter. This proved to be the case. The Court thereupon called counsel to the bench and stated its intention to declare a mistrial. There was no objection.

Thereafter on the same day Charles Reeves was tried before a new jury and on the following day convicted of second degree burglary and petit larceny. Again, counsel did not raise objection based on the theory of double jeopardy.

Defendant's motion is denied for the following reasons:

■ (1) The motion is not timely. Rule 34, Fed.R.Crim.P., clearly specifies,

"The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, or after plea of guilty or nolo contendere, or within such further time as the court may fix during the 7-day period." The Court is not permitted to enlarge the time permitted for the filing of such a motion. See Rule 45(b), Fed.R.Crim.P. Defendant Reeves was convicted on September 19, 1968, the present motion was filed on November 7, 1968, or 49 days after conviction.

(2) Even if the motion was timely, a second procedural consideration would demand its denial. Defense of second jeopardy cannot be raised for the first time by motion in arrest of judgment or for a new trial or on appeal. Brady v. United States, C.C.A.Kan.1928, 24 F.2d 399. See also, United States v. Coy, D.C. Ky. 1942, 45 F.Supp. 499. The constitutional immunity from double jeopardy is a personal privilege which the accused may waive. Such a waiver by defendant of this constitutional privilege may be either express or implied, and it will be implied where the accused pleads not guilty and proceeds to trial, verdict and judgment without raising the defense of former jeopardy. Levin v. United States, 9 Cir., 5 F.2d 598. Defendant, until the filing of the present motion, never raised the question of double jeopardy.

(3) More importantly, the defendant as a matter of fact was never in double jeopardy. This is because defendant was never present at the alleged "first trial" and jeopardy never attached. It is unnecessary to reach the question whether such a proceeding, if permitted to continue to judgment, would have violated defendant's rights under the 5th and 6th Amendments.

(4) Just as in the case of a retrial of a defendant after his reversal on appeal of a prior conviction, a trial following a mistrial does not raise the issue of double jeopardy. The Supreme Court in Gori v. United States, 367 U.S. 364, 367, 81 S.Ct. 1523, 1526, 6 L.Ed.2d 901, stated: "Since 1824 it has been settled law in this Court that 'The double-jeopardy provision of the Fifth Amendment * * * does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment.' * * * Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment." In short, even though the first "trial" had placed defendant in jeopardy, he cannot claim, after a mistrial, that he was placed in double jeopardy by the subsequent proceeding.

In accordance with the above, the motion of the defendant is denied.