**UNITED STATES of America**

v.

**Clayton E. SCOTT, Appellant.**

**No. 71–1619.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 22, 1972.

Decided June 29, 1972.

Mr. R. Timothy Hanlon, Washington, D. C. (appointed by this Court), for appellant.

Miss Ruth R. Banks, Asst. U. S. Atty., with whom Messrs. Harold H. Titus, Jr., U. S. Atty., John A. Terry and Robert E. Zuckerman, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN and MacKINNON, Circuit Judges.

WILBUR K. MILLER, Senior Circuit Judge:

A small tourist home in the District of Columbia was held up by a man and a woman on the night of August 14, 1970, and money and property were taken at gun-point from Ruth Holliday, the night clerk, who was the only person there when the robbers entered. On November 11, 1970, Ruth Holliday identified from a photograph the appellant, Clayton Scott, as the robber, and identified from a photograph Patricia McCray as the woman who accompanied him. Scott

was arrested in November, 1970, but the McCray woman has never been apprehended.

Scott was tried in March, 1971, on a three-count indictment charging armed robbery, robbery, and assault with a deadly weapon.[1] Although he had been identified as the robber in a line-up and also at the trial by Holliday, the jury found Scott not guilty of armed robbery and assault with a dangerous weapon[2] —the first and third counts of the indictment—but were unable to agree as to robbery, and so a mistrial was declared as to that count.

In April, 1971, Scott was tried again on the robbery count and was found guilty by the jury. He appeals, relying upon a claim of double jeopardy, contending that his acquittal of armed robbery was an acquittal of robbery as well, since robbery is a lesser included offense in the more serious crime of armed robbery.

■■ 1. Scott did not raise the issue of double jeopardy at the second trial. The constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived. United States v. Buonomo, 441 F.2d 922 (7th Cir. 1971); Grogan v. United States, 394 F.2d 287 (5th Cir. 1967), cert. denied 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100 (1968); Ferina v. United States, 340 F.2d 837 (8th Cir. 1965); Kistner v. United States, 332 F.2d 978 (8th Cir. 1964); Haddad v. United States, 349 F.2d 511 (9th Cir.), cert. denied 382 U.S. 896, 86 S.Ct. 193, 15 L.Ed.2d 153 (1965); Barker v. Ohio, 328 F.2d 582 (6th Cir. 1964); Harris v. United States, 237 F.2d 274 (8th Cir. 1956). See also Rule 12(b) (2), Fed.R.Crim.P. Hence, the appellant waived the defense of double jeopardy, and that issue is not before us for determination on the merits.

2. If the defense of double jeopardy were before us, we would have no difficulty in denying it. Scott argues, in support of the plea, that in acquitting him of armed robbery the first jury found he was not the robber and that therefore the same issue—whether he was the robber—could not be submitted to another jury. Consequently, he relies upon Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), as requiring reversal. In that case, the Supreme Court held that an accused acquitted of robbing one participant in a poker game could not be tried a second time for robbing a second participant in the game at the same time and in the same hold-up. The Court said the first jury's verdict acquitting the accused was a holding that he was not the robber.

In our case, however, the first jury in acquitting Scott of armed robbery did not thereby acquit him of unarmed robbery, which was charged in a separate count of the indictment. Had that acquittal been a finding that the appellant was not the robber, as he now claims, such finding would reasonably have extended to and controlled the robbery count also, with the result that a verdict of acquittal would have been reached on the robbery count.[3]

■ But the fact that the first jury was unable to agree as to the robbery count is fatal to appellant's notion that the acquittal of armed robbery was based on a finding that he was not the robber. The verdict of not guilty of armed robbery was clearly based on a doubt whether the robber was armed, and not at all upon a finding that Scott was not the robber. That is to say, the first jury found the appellant was not an armed robber, but was unable to

1. Respectively 22 D.C.Code § 3202, 22 D.C.Code § 2901, and 22 D.C.Code § 502.

2. On direct examination, Holliday testified that Scott pointed a pistol at her. But on cross-examination she said the pistol was lying on the counter pointing at her. This may well have been the reason the first jury found Scott not guilty under the two counts charging that he was armed and that he used a dangerous weapon.

3. See note 2.

agree as to whether he was an unarmed robber. Thus, the factual difference between this case and Ashe v. Swenson, *supra*, demonstrates that Scott's reliance on the latter case is misplaced, for there the first verdict was unquestionably a finding that Ashe was not the robber.

The case of Forsberg v. United States, 351 F.2d 242 (9th Cir. 1965), involved a situation such as we have here. There Forsberg was charged in a two-count indictment with (1) assault with intent to commit murder and (2) assault with a dangerous weapon with intent to do bodily harm. After trial, the first jury found him not guilty under the first count, but could not agree as to the second count, so that with respect to it a mistrial was declared. Thereafter Forsberg was retried and convicted on the second count. On appeal, he contended that the second trial on the second count of the indictment was in violation of his constitutional right against being placed twice in jeopardy, since he had already been acquitted on the first count which included the lesser offense set forth in the second count.

■ The Ninth Circuit noted that a retrial of an accused after a mistrial because the jury is unable to agree is not a denial of the constitutional right against double jeopardy, and added, at page 246, "It seems clear . . . that the jury agreed that appellant was not guilty of assault with intent to commit murder, but could not agree on whether he was guilty of assault with intent to do bodily harm."

In denying Forsberg's plea of double jeopardy, the Ninth Circuit said, at page 248:

". . . We recognize that if appellant had been prosecuted only on the charge contained in Count One and acquitted, he could not then have been reindicted and prosecuted on the charge contained in Count Two. Here, however, the two counts were properly included in the original indictment. As stated, supra, it is clear that the jury agreed that the Govern-

ment had failed to prove assault with intent to kill, but was unable to agree upon the second count involving the lesser degree of assault.

"Let us assume that appellant had been found not guilty on Count One and guilty on Count Two, and that his conviction on Count Two had been reversed with a remand for a new trial. We perceive no good reason why he could not have been retried on Count Two. Nor should the fact that there was a hung jury instead of a verdict of conviction bar his retrial on Count Two. Obviously, he could not in either event be retried on the charge set forth in Count One."

We think the Ninth Circuit correctly decided the unusual problem which was submitted to it; we should follow its decision in disposing of the strikingly similar situation here, if the merits of the double jeopardy issue were presented to us for consideration.

■ 3. Scott presented an alibi defense. He claimed that on the night of the crime he was one of a party of four at a birthday celebration. Two of those alleged to have been present, one of whom was his sister, supported him. But the other, who was his "girl friend" and who visited him in jail three times in December, 1970, did not appear as a witness, although Scott insists he tried to obtain her attendance. With respect to her, the trial judge gave the missing witness instruction. Scott assigns this as reversible error.

In McClanahan v. United States, 230 F.2d 919, on page 925 (5th Cir. 1956), the court quoted approvingly, the following:

"'. . . the question of equal availability of a witness not called is largely a question of fact, and various courts have regarded all manner of circumstances as bearing upon the matter.' Jones, Commentaries on Evidence, Vol. I, pp. 169–170, § 98."

We think the evidence on the question of fact as to whether the missing witness was peculiarly available to Scott was

sufficient to support the giving of the challenged instruction.

■ 4. The appellant also advances as reversible error the remarks of the prosecutor during closing argument in which he commented on the nature of the defense. We think the prosecuting attorney was justified in saying what he did, and that Scott was not prejudiced thereby. We note that the defense counsel did not object, made no request for an instruction to correct the alleged prejudicial impact of the prosecutor's comments, and did not request a mistrial.

For the reasons given, the judgment of the District Court will be upheld.

Affirmed.