315 A.2d 825 (1974)
In the Matter of J. A. H., Appellant.
No. 6907.
District of Columbia Court of Appeals.
Argued July 11, 1973.
Decided February 26, 1974.
Joel Chasnoff, Washington, D. C., appointed by this court, for appellant.
E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.
*826 Before KELLY, GALLAGHER and HARRIS, Associate Judges.
HARRIS, Associate Judge:
Appellant, a juvenile, was found guilty of the unauthorized use of a motor vehicle (D.C.Code 1973, § 22-2204) and of assault with a dangerous weapon (D.C.Code 1973, § 22-502) at the conclusion of a factfinding hearing in the Family Division of Superior Court. The argument which warrants discussion is that appellant's Fifth Amendment right to be free from double jeopardy precluded his being found guilty of unauthorized use. We reject that contention and affirm.
Appellant and several companions were on Route 295 in a car which was observed speeding by the police. Appellant was driving; a co-respondent, T. T., was one of the passengers. One police car pursued the juveniles at speeds in excess of 85 m.p.h. Another police car stationed itself ahead in the middle lane of Route 295 with its lights flashing. The resulting traffic congestion brought appellant to a stop, and an officer approached the vehicle on foot with his gun in his hand. Suddenly, an opening occurred in the traffic jam. Appellant started to drive off, swerving towards the opening and the officer. The officer leapt to safety as the accelerating car brushed his trousers. Simultaneously, the officer shot appellant as he drove past, and the car promptly came to a stop. Two other passengers fled; appellant and T. T. were apprehended. T. T. was charged with unauthorized use; appellant was charged with operating a vehicle without a license [D.C.Code 1973, § 40-301(d)], assault on a police officer [D.C.Code 1973, § 22-505(a)], unauthorized use, and assault with a dangerous weapon (the automobile).[1]
Police officers testified to establish the elements of the assault charges. In order to support findings of guilty on the UUV charges, the government was obliged to establish that the operation of the vehicle was without consent. The car in this case normally was used by a minor named Faulkner, but was registered in his father's name. The son testified that he had not given permission to the respondents to drive the car. The government then called the registered owner. When it was realized that he was not present, the government rested. Counsel for the two respondents moved for judgments of acquittal on the UUV charges, contending that the government's evidence was insufficient. The trial court agreed that the lack of the testimony of the registered owner was fatal, and granted the motions of both respondents.
Since the only charge against T. T. was unauthorized use, such a ruling terminated the case against him. He left the courtroom, and the case against appellant resumed on the assault charges. At that moment, the registered owner appeared in the courtroom. The government immediately requested the court to reconsider its rulings and reopen the cases to receive testimony from the registered owner. The following colloquy occurred:
[THE PROSECUTOR]: I wish to make a motion, if I may, and that is that the Court reconsider that ruling and allow the government to reopen its case. Mr. Faulkner has just now arrived. I feel I must make that motion, Your Honor.
THE COURT: With regard to the respondent who has not been totally acquitted [J. A. H.], I will let you do it. But the one I have acquitted [T. T.], I am sorry, it is just not fair. That boy was here and ready to go at 9:15. He *827 stands acquitted now. I am just not going to bring him back.
I will let you reopen before we proceed with the defendant's case. I am not going to do it with the other.
Appellant's trial counsel did not object to the reopening of the unauthorized use count, thus limiting the scope of our review to plain error. Adams v. United States, D.C.App., 302 A.2d 232 (1973). Appellant argues that the court's withdrawal of its oral ruling of acquittal and resumption of the hearing on the UUV charge violated his right to be free from double jeopardy. However, the constitutional protection against double jeopardy is a personal privilege, which is waived if no timely objection is made. Mayle v. District of Columbia, D.C.Mun.App., 168 A.2d 398 (1961); United States v. Scott, 150 U.S.App.D.C. 323, 464 F.2d 832 (1972); Miller v. United States, 41 App.D.C. 52, cert. denied, 231 U.S. 755, 34 S.Ct. 323, 58 L.Ed. 468 (1913); cf. Burke v. United States, D.C.Mun.App., 103 A.2d 347 (1954). As stated in United States v. Reeves, 293 F.Supp. 213, 214 (D.D.C.1968):
Defense of second jeopardy cannot be raised for the first time by motion in arrest of judgment or for a new trial or on appeal. The constitutional immunity from double jeopardy is a personal privilege which the accused may waive. Such a waiver by defendant of this constitutional privilege may be either express or implied, and it will be implied where the accused pleads not guilty and proceeds to trial, verdict and judgment without raising the defense of former jeopardy. [Citations omitted.]
The crucial procedural events in this case transpired within a very narrow time span. We conclude that appellant waived any potential double jeopardy claim when his trial counsel acquiesced in the continuation of the hearing, and that no plain error was committed.[2]
If we were to assume that appellant's double jeopardy claim had been properly preserved by objection in the factfinding hearing, our ultimate conclusion nonetheless would be the same. Appellant contends that the court's oral granting of his motion for a judgment of acquittal on the UUV charge was equivalent to a final, written judgment, and that the court therefore could not reconsider the issue. However, a trial or a factfinding hearing does not terminate until the actual entry of judgment; until then, the court is free to reconsider its prior rulings. See, e. g., United States v. Baker, 419 F.2d 83, 89 (2d Cir. 1969), cert. denied, 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1970); Price v. State, 7 Md.App. 131, 254 A.2d 219, 226-227 (1969).
The sequence of events which occurred below did not infringe on appellant's right to be free from double jeopardy. Cf. Downum v. United States, 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), and cases cited therein. We share the views of the United States Court of Appeals for the Second Circuit which were expressed in a similar procedural situation (United States v. Baker, supra at 89 of 419 F.2d):
We must confess that we have difficulty in perceiving any connection between a defendant's constitutional right not to be *828 placed twice in jeopardy and the events we have recited. * * * In the case before us, no final judgment of acquittal was ever entered, and certainly [the defendant] was not subjected to the harassment of successive prosecutions. Nor did the prosecution seek a delay in order to obtain a more favorable opportunity to convict. The only prejudice [he] suffered is psychological; his hopes were first raised, then quickly lowered. But so ephemeral and insubstantial an injury is not proscribed by the Constitution.
There being no error requiring reversal, the judgment below is
Affirmed.
NOTES
[1] J.A.H. pleaded guilty to driving without a license. Although he was found guilty of ADW (as well as of UUV), the trial court elected to dismiss the count charging assault on a police officer. Appellant argues that the apparent inconsistency of the latter ruling necessitates reversal; we disagree.
[2] We do not reach the government's contention, based upon In re McDonald, D.C.Mun. App., 153 A.2d 651 (1959), that the double jeopardy provision of the Constitution is inapplicable to juvenile proceedings. Although this precise issue has not been resolved by the Supreme Court, more recent cases such as In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), cast great doubt on the continuing validity of McDonald. See also District of Columbia v. M.E.H., D.C.App., 312 A.2d 561 (1973); In re M.W.F., D.C.App., 312 A.2d 302 (1973) (dissenting opinion); In re Grand Jury Proceedings, 491 F.2d 42 (D.C. Cir., 1974); Fain v. Duff, 488 F.2d 218 (5th Cir., 1973).