Doris MASON, a/k/a Joane Mason, a/k/a
Joan Mason, Appellant,

v.

UNITED STATES, Appellee.

No. 9029.

District of Columbia Court of Appeals.

Submitted Sept. 23, 1975.

Decided Oct. 21, 1975.

Charles F. Barker, Washington, D. C., appointed by this court, for appellant.

Hamilton P. Fox, III, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and Harry R. Benner, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, YEAGLEY and HARRIS, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of robbery (D.C.Code 1973, § 22–2901). She contends that the trial violated the Fifth Amendment bar against double jeopardy. The factual basis of her double jeopardy claim originated in a prior court proceeding on July 10, 1974. At that time appellant and two codefendants had waived their right to a jury and had proceeded to trial before Judge Campbell. The trial judge had combined a hearing on a suppression motion with the trial since the witnesses at both would be the same. The government's first witness had testified briefly when Judge Campbell abruptly stopped the trial and directed all the attorneys to his chambers. There the judge stated that he had just recognized counsel

for a codefendant of appellant as the individual who had written the Judicial Disability and Tenure Commission a few months earlier concerning an incident in a prior case.[1] Judge Campbell emphasized that he did not have any bias against counsel but nonetheless, in the interest of fairness, believed that he should recuse himself and declare a mistrial. The defense attorneys objected to a mistrial and the government advised that a reprosecution after a mistrial in these circumstances would be barred by double jeopardy. Judge Campbell, after noting his crowded calendar, granted a continuance until September 26 and took the matter under advisement.

On September 26, apparently due to the normal rotation of felony trial assignments, the case came before Judge Revercomb who was unaware of the July proceedings.[2] Defense attorneys immediately informed him of the double jeopardy problem and since both attorneys had expected the trial to be held before Judge Campbell no written motions had been filed.[3] Judge Revercomb, after familiarizing himself with the factual background of the case, expressed serious reservations about continuing the trial without the benefit of written motions and a transcript of the prior proceedings. Nevertheless both defense attorneys expressed a desire to proceed with the trial and appellant's attorney requested a recess in order to consult with the appellant on the advisibility of waiving her double jeopardy defense.

After a twelve-minute recess both attorneys represented to the court that the defendants wished to waive double jeopardy and proceed with a jury trial. Each attorney told the court that he had explained to his client the applicability of double jeopardy to her case and that each defendant was intelligently waiving the defense. Judge Revercomb then asked each defendant if she agreed with her attorney's statement. Both responded affirmatively. He asked each defendant her age. Appellant answered twenty-two and her codefendant twenty-one. During his questioning the judge commented on the difficulty of anyone understanding the constitutional aspects of double jeopardy but assuaged his doubt by noting that he was relying on appellant's counsel to make the decision. The judge further questioned the attorneys about the certainty of the waiver and asked appellant's counsel whether expediency was the reason for the waiver. Appellant's attorney responded that he believed that it was in his client's best interest to waive the defense and that the ability to have a jury trial before Judge Revercomb influenced that decision.

■ Appellant vigorously contends that the second trial was barred by the double jeopardy clause since neither "manifest necessity" nor "the ends of public justice"[4] required Judge Campbell's lengthy continuance. Although jeopardy attaches in a nonjury trial when the first witness is sworn and begins testifying,[5] such a determination begins rather than ends the inquiry into whether the second prosecution is prohibited. In this case we do not reach the applicability of *United States v. Perez*,

---

1. Judge Campbell refused to reschedule a court date which conflicted with counsel's already scheduled court appearance in Maryland and vacated counsel's appointment. The Commission did not regard this matter as coming within its discretion.

2. There were three defendants in the July proceedings; however, one failed to appear before Judge Revercomb. Thus two defendants, each represented by separate counsel, were involved in the September trial. Only one appeals and she is represented by new counsel.

3. Counsel for appellant's codefendant learned on September 25, that Judge Revercomb would try the case. Appellant's counsel stated that he had expected written notification if trial judges were to be changed. He received none.

4. *United States v. Perez*, 3 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1824).

5. *Clawans v. Rives*, 70 App.D.C. 107, 109, 104 F.2d 240, 242 (1939); *Newman v. United States*, 133 U.S.App.D.C. 271, 272, 410 F.2d 259, 260, *cert. denied*, 396 U.S. 868, 90 S.Ct. 132, 24 L.Ed.2d 121 (1969).

9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1824), to the facts underlying the July continuance since the dispositive issue is the efficacy of the waiver before Judge Revercomb.

It is clear that double jeopardy is a personal right which unless affirmatively pleaded will be deemed waived. *In Matter of J. A. H.*, D.C.App., 315 A.2d 825, 827 (1974) ; *United States v. Scott*, 150 U.S. App.D.C. 323, 324, 464 F.2d 832, 833 (1972). A waiver may be either express[6] or implied and whether an effective waiver has occurred "depends upon all the circumstances of the case. . . ." [Footnote omitted.] [*Burke v. United States*, D.C. Mun.App., 103 A.2d 347, 353 (1954).] In applying these general rules to the specific facts here we are aware that there exists a strong presumption against waiver of constitutional rights and that "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. . . ." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Nevertheless, upon a close examination of the record we hold that the trial judge correctly determined that the defense of double jeopardy had been intelligently waived by the appellant. In so concluding we rely on several persuasive factors. Appellant was represented by the same counsel at both appearances and he recognized and raised the double jeopardy issue at both. The trial judge after ascertaining the facts was disposed to continue the case, but at the insistence of appellant's counsel he considered the alternative of waiver. The trial judge granted a recess to allow consultation between appellant and her attorney. The waiver was presented to the court in appellant's presence, and she was given the opportunity to disavow it. The trial court questioned appellant as to her age and questioned her attorney as to the certainty of the waiver. Only after the judge was himself satisfied that the waiver

had been intelligently made did he proceed to trial. This combination of factors sufficiently overcomes any presumption against a waiver of constitutional rights.

*Affirmed.*

6. *E. g., Ball v. United States,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).