Patrick J. McCLAIN, Plaintiff-Appellant,

v.

Thomas BROWN, Defendant-Appellee.

No. 78–1333.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1978.

Decided Nov. 17, 1978.

**390**

Patrick J. McClain, filed brief pro se.

Richard C. Turner, Atty. Gen., Gary D. Woodward, Sp. Asst. Atty. Gen., and Fred M. Haskins, Asst. Atty. Gen., Des Moines, Iowa, filed brief, for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Patrick J. McClain brought this civil rights suit for damages under 42 U.S.C. § 1983 against Magistrate Thomas Brown of the Eighth Judicial District of Iowa. He alleged that, after being subpoenaed as a witness for the prosecution in his brother's trial on misdemeanor charges, he refused to answer a question he felt was self-incriminating and invoked the fifth amendment. Magistrate Brown adjudged McClain in contempt of court and ordered him incarcerated. However, when the hearing was continued on a later date, Magistrate Brown sustained McClain's invocation of

the fifth amendment privilege, and McClain was thereafter given immunity. When he again refused to answer a question on fifth amendment grounds, Magistrate Brown ordered him incarcerated for contempt again, until he accepted immunity and testified. McClain later purged himself of contempt by testifying.

McClain claims Magistrate Brown violated his rights to due process and equal protection by failing to "inform or offer de jure immunity" and by incarcerating him. He also alleges that Magistrate Brown's actions violated the fourth, fifth, sixth, ninth, tenth and fourteenth amendments. The district court dismissed the complaint for failure to state a claim, holding that Magistrate Brown had subject matter jurisdiction over the contempt proceedings and personal jurisdiction over McClain, and was therefore absolutely immune from personal liability for his judicial actions.

A judge of a court of superior or general jurisdiction is not liable in civil actions for his judicial acts, even when such acts are in excess of his jurisdiction and are alleged to have been done maliciously or corruptly, so long as he has not acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872); *Kelsey v. Fitzgerald*, 574 F.2d 443, 444 (8th Cir. 1978). A judge of limited or inferior authority is also protected from liability when his judicial actions are taken within his jurisdiction. *Bradley v. Fisher, supra*, 80 U.S. at 350–51, *quoting Randall v. Brigham*, 74 U.S. (7 Wall.) 523, 535–36, 19 L.Ed. 285 (1868). Iowa law gives magistrates limited jurisdiction, primarily over nonindictable misdemeanors including traffic and ordinance violations, preliminary hearings, search warrant proceedings, and small claims. Iowa Code § 602.60. Section 665.2 of the Iowa Code lists as contempts, punishable by a court or "by any judicial officer, including judicial magistrates, acting in the discharge of an official duty," illegal resistance to any order or process issued by the court or magistrate and refus-

al to answer as a witness. Thus Magistrate Brown, presiding over trial of misdemeanor charges, had authority to adjudge McClain in contempt of court for his refusal to testify. Magistrate Brown is therefore immune from liability.

McClain contends, however, that under Iowa Code § 795.5,[1] prosecution of the misdemeanor charges against his brother was barred by their prior dismissal, and therefore Magistrate Brown had no jurisdiction over the proceedings. A bar to further prosecution because of former jeopardy is not a jurisdictional defect, but a defense or personal right which must be affirmatively pleaded or is considered waived. *United States v. Scott*, 150 U.S.App.D.C. 323, 324, 464 F.2d 832, 833 (1972). *See also Smith v. United States*, 359 F.2d 481, 483 (8th Cir. 1966); and cases cited in C. Wright, 1 Federal Practice and Procedure, Criminal, § 193 at 410 n.71 (1969). Thus, even assuming former jeopardy was raised and Magistrate Brown erred in refusing to dismiss the charges or to direct a verdict of acquittal, he would not have been acting outside his jurisdiction.

As Magistrate Brown is immune from liability, the complaint was properly dismissed for failure to state a claim upon which relief could be granted.

The judgment is affirmed.

---

1. Section 795.5, repealed effective January 1, 1978, reads as follows:

    The court, upon its own motion or the application of the county attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution, the reasons therefor being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner. Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but it is *not a bar if the offense charged be a felony or an aggravated misdemeanor.*

    The current version of § 795.5 is found in § 813.2, Rule 27, 1., 1978 Special Criminal Law and Procedure Pamphlet.