Frank E. WESLEY, Appellant,

v.

UNITED STATES, Appellee.

No. 80–939.

District of Columbia Court of Appeals.

Argued Sept. 9, 1981.

Decided July 26, 1982.

Steven R. Kiersh, Washington, D. C., for appellant.

Evelyn E. Crawford Queen, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty., at the time the brief was filed, John A. Terry, John R. Fisher, R. Dennis Osterman, and Pamela B. Stuart, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Appellant was found guilty by a jury of grand larceny and the unauthorized use of a motor vehicle in violation of D.C.Code 1973, §§ 22–2201, –2204, respectively. On this appeal, he challenges the trial court's denial of his motion to vacate sentence on the ground that he was denied effective assistance of counsel in derogation of the Sixth Amendment. We affirm.

We decline to resolve the issue of whether the convictions for grand larceny and the unauthorized use of a motor vehicle present a double jeopardy question. In the instant case, appellant failed to raise the double jeopardy issue in the trial court. The issue was addressed only at oral argument at the behest of this court.

▮ There are many cases that hold that the constitutional immunity from double jeopardy cannot be raised for the first time on appeal. The constitutional immunity from double jeopardy is a personal right which, unless affirmatively pleaded, will be waived. *Christian v. United States*, D.C. App., 394 A.2d 1, 38 (1978), *cert. denied sub nom., Clark v. United States*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979); *Mason v. United States*, D.C.App., 346 A.2d 250, 252 (1975); *In re J. A. H.*, D.C.App., 315 A.2d 825, 827 (1974); *United States v. Scott*, 150 U.S.App.D.C. 323, 324, 464 F.2d 832, 833 (1972). The court in *United States v. Scott, supra* at 324, 464 F.2d at 833 stated:

Scott did not raise the issue of double jeopardy at the second trial. The constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived. Hence, the appellant waived the defense of double jeopardy, and that issue is not before us for determination on the merits. [Citations omitted.]

A waiver may be either express or implied and "it will be implied where the accused pleads not guilty and proceeds to trial, verdict and judgment without raising the defense of former jeopardy." *In re J. A. H., supra* at 827, citing *United States v. Reeves*, 293 F.Supp. 213, 214 (D.D.C.1968).

▮ We are aware that there exists a strong presumption against waiver of constitutional rights and that waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Nonetheless, we conclude that in this instance appellant waived any potential double jeopardy claim. We rely on several persuasive factors. First, appellant failed

to raise the issue either in the trial court or in his brief on appeal. Second, we find that no grave injustice is likely to result because appellant was sentenced to concurrent sentences for the two convictions.[1]

On the afternoon of November 8, 1977, the manager of the Atlantic Garage at 1900 L Street, N.W., parked complainant's car near an exit with the keys under the floor mat in response to complainant's request that he do so, as she was returning soon to pick it up. Sometime later, the manager heard the engine of complainant's car start and observed appellant driving the car away. Appellant failed to negotiate the turn from the garage into the alley, allowing the manager to reach the car and open the door. Appellant jumped from the car directly in front of the manager and fled down the alley. The manager pursued appellant into the alley and subsequently reported the theft and identified appellant for the police. He noted that appellant was wearing a green jacket with a design on the back.

After having been found guilty of both charges by a jury and sentenced to five to fifteen years on the grand larceny count, and two to six years on the unauthorized use count to run concurrently, appellant filed a motion to set aside sentence pursuant to D.C.Code 1973, § 23–110, alleging ineffective assistance of counsel. The trial court denied the motion following three days of hearings. It is from the denial of the motion to vacate that this appeal is taken.

■ In order to prevail in this court on a claim of ineffective assistance of counsel, appellant must demonstrate both that there has been gross incompetence of counsel and that this [incompetence] has in effect blotted out the essence of a substantial defense. *Angarano v. United States*, D.C.App., 312 A.2d 295, 298 n.5 (1973), *rehearing en banc denied*, 329 A.2d 453 (1974). *See also Bruce v. United States*, 126 U.S.App.D.C. 336, 339–40, 379 F.2d 113, 116–17 (1967). Mere errors of judgment as disclosed by subsequent events are not sufficient to establish ineffective assistance. *Angarano, supra* at 298. Appellant must establish the existence of a legal defense available from facts known or obvious to the trial attorney. *Id.* at 299. We are left totally unpersuaded that trial counsel's performance in this case offended the Sixth Amendment.

■ Appellant's primary contentions are that his alibi defense was blotted out by trial counsel's failure to produce an alibi witness and that his misidentification defense was mismanaged by counsel's decision to admit his green coat into evidence without first inspecting it. We find these contentions to be without merit.[2]

In regard to the alibi defense, we note that the record reflects that efforts had been made to locate the alibi witness, but it was found that his testimony would not have supported appellant's alibi defense. The witness testified at the post-trial hearing that he was not with appellant at the time of his arrest and that he had told appellant prior to trial that he "couldn't lie" and would not provide an alibi for appellant.

Appellant's misidentification argument revolves around trial counsel's decision to introduce appellant's green jacket into evidence based upon appellant's representation that there was no design on the back of the jacket, but without conducting an examination of the jacket herself. The decision to

1. We disagree with the concurring opinion as to the applicability of *Foster v. United States*, D.C.App., 290 A.2d 176 (1972), wherein the court exercised a discretion to reach an issue involving the constitutionality of a statute. The concurrence cites *Foster* for the proposition that we have the discretion to decline to consider the waiver of double jeopardy; it does not so hold and we know of no other case that does.

The concurrence notes that in *Ball v. United States*, D.C.App., 429 A.2d 1353 (1981), this court recognized a double jeopardy claim that was raised for the first time on appeal. The court there considered the claim, but rejected it. Further, in the instant case, unlike *Ball*, a claim of double jeopardy was never raised by appellant.

2. We find the other contentions raised by appellant also to be without merit.

place the jacket into evidence was a tactical one designed to discredit the manager of the parking garage who testified that there was a design on the back of the coat. The attempt to discredit the manager's testimony was undermined by appellant's testimony on cross-examination that his jacket had crisscross stitching on the back. We disagree with appellant's suggestion that trial counsel's omission amounts to ineffectiveness of constitutional magnitude. Counsel relied on her client's representations concerning the coat and appellant must bear the responsibility for the decision to use the coat during trial. Even assuming trial counsel erred, the error was not harmful since the manager of the parking garage positively identified appellant as the person who took the car, based upon his face-to-face confrontation with appellant during the incident.

Accordingly, the trial court's order denying appellant's motion to vacate is

*Affirmed.*

BELSON, Associate Judge, concurring:

I concur, but I cannot join in the opinion of the court because I do not agree that appellant fairly can be held to have waived a claim of double jeopardy. The double jeopardy issue here involves merger of offenses. The legal analysis in merger is subtle and complex. It seems unreasonable to hold that appellant intentionally relinquished a known right or privilege. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Indeed, controlling case law in this jurisdiction at the time of appellant's trial suggested that a double jeopardy claim would not lie in a case like appellant's where one was convicted of both grand larceny and unauthorized use of a motor vehicle and concurrent sentences were imposed. *See Evans v. United States,* 98 U.S.App.D.C. 122, 123, 232 F.2d 379, 380 (1956).

The cases cited by the majority for the proposition that a claim of double jeopardy cannot be raised for the first time on appeal are distinguishable. In them, the claim arose either when there were successive prosecutions for the same offense, *Mason v. United States,* D.C.App., 346 A.2d 250, 252 (1975); *United States v. Scott,* 150 U.S.App. D.C. 323, 324, 464 F.2d 832, 833 (1972), or when a trial was resumed after a motion for judgment of acquittal had been granted. *In re J. A. H.,* D.C.App., 315 A.2d 825, 827 (1974).[1] Moreover, this court has recognized a double jeopardy claim based upon merger of offenses when the claim was raised for the first time on appeal. *Ball v. United States,* D.C.App., 429 A.2d 1353 (1981).

Although I conclude that there was no waiver, I agree with the majority that we should not consider double jeopardy or merger. Appellant did not raise, either in the trial court or on this appeal, any such claim in connection with the fact that he was convicted and sentenced concurrently for both grand larceny and unauthorized use of a motor vehicle. The issue was addressed in oral argument only as the result of an inquiry by the court communicated to counsel by the clerk prior to the day of oral argument. Considering all the circumstances, including the fact that any collateral consequences to appellant are diminished by reason of his already being subject to sentencing as a repeat offender, I feel we should decline to address the matter in the exercise of our discretion. *See Foster v. United States,* D.C.App., 290 A.2d 176, 177 (1972), and cases cited therein.

---

1. The holding of *Christian v. United States,* D.C.App., 394 A.2d 1, 38, *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979), also cited by the majority, dealt with waiver of statutory rights under the Interstate Agreement on Detainers, D.C.Code 1973 §§ 24–701 *et seq.*