[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#171)
This is a foreclosure action brought by the plaintiff, 15 Morand Lane Associates, L.L.C. (Morand), the assignee of the note and mortgage at issue, against Richill Associates (Richill), the mortgagor, and various other defendants. In its answer, the defendant, R R Pool Patio, Inc. (R R), alleges that it has a CT Page 12499-M leasehold interest in the property located at 911 Hope Street, Stamford, Connecticut, which secures the note, and that it is currently in possession of such property.
R R has asserted the following six special defenses: (1) equity bars Morand from maintaining this foreclosure action because it has intentionally caused the defendant, Richill's, default and failure to cure "with the objective of renegotiating the balance due on the mortgage, terminating R R's lease and option to purchase, and rendering R R's action moot;" (2) accord and satisfaction; (3) waiver; (4) unclean hands; (5) intentional interference with a contract; (6) violation of the Connecticut Unfair Trade Practices Act (CUTPA). R R has also asserted a counterclaim in three counts, the first of which is based upon its first special defense, and the second and third count which allege violation of CUTPA and breach of the duty of good faith and fair dealing, respectively.
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien."First Federal v. Kakaletris, 11 Conn. L. Rptr. 113 (February 23, 1994, Karazin, J.). "However, since foreclosure is an equitable proceeding, the trial may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done." Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 282 (1982); see also Shawmut Bank v Carriage Hill Estates,Inc., Superior Court, Judicial District of Waterbury, Docket No. 116593 (June 10, 1994, West, J.). Furthermore, the determination of what equity requires in a specific case is a matter within the discretion of the court. Id.
In its first special defense, R R alleges that Richill, the mortgagor in the present action, has failed to make the mortgage payments due "so as to intentionally cause a default in the mortgage and thereafter deliberately failed to cure the default." R R alleges that such actions were taken "with the objective of renegotiating the balance due on the mortgage, terminating R R's lease and option to purchase and rendering R R's pending action moot."
R R further alleges that the plaintiff was formed with the specific purpose of purchasing the note and deed from New York Life Ins. Co., and that after purchasing the note and deed, Morand and Richill entered into a modification of the note at issue. R R alleges that payments have been made by Richill in accordance with CT Page 12499-N the modification, that Morand has not made a demand on Richill for payment of any of the arrearage, and that Morand has discussed a leasing or management contract with Peter Underhill, managing principal and general partner of Richill, in the event that title to the property passes to Morand. Finally, R R alleges that "[t]he relationship and actions of the plaintiff are so intertwined with Richill Associates and Underhill as to make it unconscionable, inequitable and against public policy for the foreclosure proceeding to be maintained."
The allegations of R R's first special defense form the basis of its other special defenses and counterclaim, which are described above.
Viewing these allegations in the light most favorable to R 
R, equity requires that this court deny the motion to strike R 
R's special defenses and counterclaim.
Accordingly, the motion to strike is denied.
NADEAU, JUDGE