*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CF-370

STANLEY MOGHALU, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CF1-7932-12)

(Hon. Patricia A. Broderick, Trial Judge)

(Argued May 19, 2015                          Decided August 13, 2015)

*Rahkel Bouchet* for appellant.

*James A. Ewing*, Assistant United States Attorney, with whom *Ronald C. Machen Jr.*, United States Attorney at the time the brief was filed, and *Elizabeth Trosman* and *Suzanne Grealy Curt*, Assistant United States Attorneys, were on the brief, for appellee.

Before FISHER and BLACKBURNE-RIGSBY, *Associate Judges*, and BELSON, *Senior Judge*.

FISHER, *Associate Judge*:  A Superior Court jury convicted appellant Stanley

Moghalu of unlawful possession of a firearm ("UPF") and carrying a pistol without

a license ("CPWL").[1]  These convictions followed two mistrials on the same charges.  For the first time, appellant now contends that his third trial was barred by the Double Jeopardy Clause.  Because appellant failed to assert a double jeopardy bar prior to the third trial, he waived that defense.  We therefore affirm.

## I.    Factual and Procedural History

Appellant was originally tried on one count of UPF and one count of CPWL.  Because the jury indicated that it could not "return a unanimous verdict that would be anything other than forced," the court declared a mistrial at the request of defense counsel.  After the case was reindicted, the government tried appellant for the UPF and CPWL counts, along with seven other conspiracy-related charges, in a multi-defendant prosecution.  The jury in that second trial acquitted appellant of the seven additional charges but was unable to reach unanimous decisions on the UPF and CPWL charges.  Over appellant's adamant objection, the trial court declined to give an anti-deadlock instruction and declared a mistrial on those two counts.  After another retrial, a third jury convicted appellant of UPF and CPWL.

---

[1]  In violation of D.C. Code § 22-4503 (a)(1) (2011 Supp.) and § 22-4504 (a) (2001), respectively.

## II.    Argument

Appellant contends that Judge Henry Greene, who presided over the second trial, abused his discretion by declaring a mistrial when there was no manifest necessity to do so.  He therefore asserts that a third trial was barred by the Double Jeopardy Clause.  *See generally Arizona v. Washington*, 434 U.S. 497, 505 (1978) (to avoid the constitutional prohibition of successive prosecutions, "[t]he prosecutor must demonstrate 'manifest necessity' for any mistrial declared over the objection of the defendant").  Appellant concedes that he did not raise a double jeopardy defense prior to his third trial, over which Judge Broderick presided, but he nevertheless argues that his objection to the mistrial preserved his double jeopardy claim for appellate review.  We disagree; the issue is not properly before us.

Our holding should come as no surprise to appellant.  "There are many cases that hold that the constitutional immunity from double jeopardy cannot be raised for the first time on appeal."  *Wesley v. United States*, 449 A.2d 282, 283 (D.C. 1982).  The courts of this jurisdiction have repeatedly cautioned that "[t]he constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant *at the time of trial*, will be regarded as

waived." *Christian v. United States*, 394 A.2d 1, 38 (D.C. 1978) (emphasis added) (quoting *United States v. Scott*, 150 U.S. App. D.C. 323, 324, 464 F.2d 832, 833 (1972) (defendant waived the defense of double jeopardy because he did not raise the issue prior to his retrial)); *see also, e.g.*, *Johnson v. United States*, 619 A.2d 1183, 1187 (D.C. 1993) ("[D]ouble jeopardy is waived in its entirety if not timely raised by a defendant . . . ."); *In re J.A.H.*, 315 A.2d 825, 827 (D.C. 1974) ("Defense of second jeopardy cannot be raised for the first time by motion in arrest of judgment or for a new trial or on appeal." (quoting *United States v. Reeves*, 293 F. Supp. 213, 214 (D.D.C. 1968)).[2]

When speaking of waiver in this context, our decisions do not refer to the type of express waiver discussed in *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) ("an intentional relinquishment or abandonment of a known right or privilege"). "A waiver may be either express or implied and 'it will be implied where the accused pleads not guilty and proceeds to trial, verdict and judgment without raising the defense of former jeopardy.'" *Wesley*, 449 A.2d at 283 (quoting *In re*

---

[2] We have, however, taken a more lenient approach with claims of multiple punishment for the same offense, permitting them to be raised for the first time on appeal. *See Harris v. District of Columbia*, 991 A.2d 1199, 1202 (D.C. 2010) ("[A]n illegal sentence—including a sentence for a conviction that should have merged with another conviction to avoid a double jeopardy violation—may be challenged at any time . . . ." (quoting *Carter v. United States*, 957 A.2d 9, 22 n.19 (D.C. 2008))).

*J.A.H.*, 315 A.2d at 827). "It is clear that double jeopardy is not one of the constitutional rights which requires a knowing, voluntary, and intelligent waiver." *Nero v. District of Columbia*, 936 A.2d 310, 314 (D.C. 2007).

*Miller v. United States*, 41 App. D.C. 52, 59-60, 62 (D.C. 1913), provides an early example of this fundamental principle being applied in circumstances like these. The court explained that, "[b]y objecting to the rulings of the court leading up to the new trial, the defendant laid the foundation for a plea of former jeopardy in the event a retrial should be had." *Id.* at 59. When the retrial occurred, however, the defendant "at no time suggested or tendered an issue as to former jeopardy." *Id.* at 60. The court of appeals rejected his attempt to raise such a claim on appeal, holding that the defendant "must now be presumed to have waived any question arising out of the action of the court in awarding a new trial or as to former jeopardy; in other words, he is not in a position to urge those questions here." *Id.* at 62.

There are many good reasons for this rule. Chief among them is the very nature of the double jeopardy protection against successive prosecutions, "whose practical result, if upheld, is to prevent a trial from ever taking place . . . ." *Christian*, 394 A.2d at 38. The Double Jeopardy Clause provides "a guarantee

against being twice put to *trial* for the same offense." *Abney v. United States*, 431 U.S. 651, 661 (1977) (emphasis in original). It "assures an individual that . . . he will not be forced . . . to endure the personal strain, public embarrassment, and expense of a criminal trial more than once" for the same crime. *Id.* The essence of this right is lost when a defendant fails to timely assert a double jeopardy bar to retrial. *See id.* at 662.

Moreover, the sound administration of justice is frustrated if the trial court and the government expend their resources in trying the defendant, only to have him announce for the first time on appeal that the retrial was constitutionally prohibited. *See Miller v. Avirom*, 127 U.S. App. D.C. 367, 370, 384 F.2d 319, 322 (1967) ("We think that sound judicial administration embraces importantly the elimination of expenditures of time and energy—by parties as well as courts—incidental to potentially unnecessary appeals."). And it is not fair to the trial judge (in this case, Judge Broderick) for appellant to seek reversal of the judgment on a ground that was fully available to him, but never presented, prior to trial.

The *Miller* case was decided well before the rules of criminal procedure were adopted, so its holding obviously does not depend on the provisions of those rules. Nevertheless, Super. Ct. Crim. R. 12 (b)(1), which requires all "[d]efenses

and objections based on defects in the institution of the prosecution" to be raised prior to trial, and Super. Ct. Crim. R. 12 (d), which provides that the failure to timely raise such defenses constitutes waiver, lead to the same result.

Other courts of last resort have read similar court rules and statutes to have the same effect. *See Taylor v. State*, 851 A.2d 551, 552, 556-57, 565 (Md. 2004) (under Md. Rule 8-131 (a), double jeopardy claim not preserved where court declared mistrial over defendant's objection but he failed to object on double jeopardy grounds at the time of his retrial); *Commonwealth v. Spear*, 686 N.E.2d 1037, 1041 (Mass. App. Ct. 1997) ("[B]y failing to assert the defense of double jeopardy [in accordance with Mass. Gen. Laws ch. 277, § 47A (1990) and Mass. R. Crim. P. 13] prior to his second trial, the defendant waived the right to do so [on appeal]"); *State v. Linscott*, 416 A.2d 255, 258 (Me. 1980) (defendant was tried three times because of two mistrials; by failing to raise his double jeopardy challenge to the declaration of the first mistrial before or during the second trial, he waived the defense, but his challenge to a retrial after the second mistrial was preserved by his motion to dismiss the indictment on double jeopardy grounds).

As the cases discussed above demonstrate, appellant waived his double jeopardy defense by failing to raise it prior to or during his third trial. Therefore, "he is not in a position to urge [that] question[] here." *Miller*, 41 App. D.C. at 62.[3]

### III. Conclusion

The judgment of the Superior Court is hereby

*Affirmed.*

---

[3] We need not decide whether appellant may seek relief from that waiver under the plain error standard. *See United States v. Olano*, 507 U.S. 725, 733 (1993) (distinguishing between "forfeiture" of a claim ("the failure to make a timely assertion of a right") and "waiver" ("the intentional relinquishment or abandonment of a known right")). Even if he were entitled to seek such relief, appellant has completely failed to satisfy the rigorous standard for demonstrating plain error. For example, even if there was a colorable claim of double jeopardy (a highly doubtful proposition), he has failed to show that a constitutional bar to retrial should have been "clear" or "obvious" to Judge Broderick. *See Thomas v. United States*, 914 A.2d 1, 20 (D.C. 2006) (articulating the second prong of plain error review); *see also Lowery v. United States*, 3 A.3d 1169, 1173 (D.C. 2010) ("[A]ppellant bears the burden of persuasion on each of the four prongs of the plain error standard."). Judge Broderick did not preside over appellant's second trial, and neither party apprised her of the precise circumstances surrounding the declaration of a mistrial. Therefore, Judge Broderick had no basis for thinking that appellant had a potential defense of former jeopardy, much less one so compelling that she was required to intervene *sua sponte*.