Donald Duane JOHNSON and Leo
Roll, Appellants,

v.

Ronald REAGAN, Individually and in
his official capacity as Governor of
the State of California, et al., Appel-
lees.

No. 74–2790.

United States Court of Appeals,
Ninth Circuit.

Oct. 20, 1975.

Donald Duane Johnson, in pro. per.
Leo Roll, in pro. per.

Evelle J. Younger, Atty. Gen., San
Francisco, Cal., for appellees.

Before GOODWIN and WALLACE,
Circuit Judges, and WILLIAMS,* Dis-
trict Judge.

* The Honorable David W. Williams, United States District Judge for the Central District of
California, sitting by designation.

PER CURIAM:

Plaintiffs, prisoners in state custody, appeal from the dismissal of their civil-rights action for damages. They alleged that the California Adult Authority had failed to grant them parole or sentence determination, in violation of the "principles and ideas" of the California Indeterminate Sentence Law (Cal.Penal Code § 1168), and that the other named defendants, all state officials, had violated their oaths of office by permitting the Authority so to act.

Named as defendants were the members of Adult Authority, the Governor, all justices of the state supreme court, the state attorney general, and all state legislators.

The district court granted plaintiffs' motion to proceed in forma pauperis, and dismissed the action as frivolous under 28 U.S.C. § 1915(d). The district court determined that the defendants named in the complaint were immune from liability under the Civil Rights Act, 42 U.S.C. § 1983, for the offenses alleged, and that the complaint failed to allege specific wrongdoings sufficient to state a claim for relief. We affirm, but qualify the immunity holding.

 Different immunity standards apply to different government officials. Absolute immunity is accorded legislators, *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), and judges, *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), when acting in the course of their official duties. The claim against the legislators and justices was properly dismissed upon immunity grounds. *See, e. g., Mark v. Groff,* 521 F.2d 1376 (9th Cir. 1975).

The governor and the attorney general are afforded only qualified immunity. *Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Johnson's claim against them, however, was properly dismissed for failure to state a claim upon which relief could be granted.

 The plaintiffs' only claims against the Governor consist of variously stated conclusions that he has not seen to the faithful execution of state laws, thereby depriving the plaintiffs of some undefined constitutional rights. Similar claims are made against the attorney general. Pleadings should be liberally construed in the interests of justice, particularly when a pleader is not learned in the law. But we do not find in the complaint here any semblance of a statement of a claim upon which relief can be granted as required by Fed.R.Civ.P. 8(a). These defendants were properly removed from the case.

As to the Adult Authority members, *Keeton v. Procunier,* 468 F.2d 810 (9th Cir. 1972), cert. denied, 411 U.S. 987, 93 S.Ct. 2276, 36 L.Ed.2d 965 (1973); *Bennett v. California,* 406 F.2d 36 (9th Cir.), cert. denied, 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969); and *Silver v. Dickson,* 403 F.2d 642 (9th Cir. 1968), cert. denied, 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969), enunciate a rule of absolute immunity. However, as *Adamian v. University of Nevada,* 359 F.Supp. 825 (D.Nev.1973), notes, *Donovan v. Reinbold,* 433 F.2d 738 (9th Cir. 1970), raises a question about the *Keeton-Bennett* rule. In light of *Scheuer's* subsequent rule allowing only qualified immunity for officers of the executive branch, the absolute immunity afforded by *Keeton-Bennett* may be obsolete. *See Mark v. Groff, supra; Satiacum v. Kinnear* (9th Cir., June 19, 1975).

 It is not necessary in this case, however, to explore the adult-authority immunity which survived *Scheuer v. Rhodes, supra,* because here the plaintiffs have not alleged conduct on the part of the members of the Adult Authority which denied a federally protected right. When examined for substance, the complaint charges the members of the Adult Authority with failure to carry out rehabilitative policies of the State of California in denying parole and other benefits to the plaintiffs. While these claims may or may not tender

questions of California law, the plaintiffs have suggested no federal statute or constitutional provision creating a right that was violated by any alleged failure of the Adult Authority to carry out what plaintiffs consider to be an enlightened release program.

We express no opinion on whether *People v. Wingo,* 14 Cal.3d 169, 534 P.2d 1001, 121 Cal.Rptr. 97 (1975), allowed the appellants to raise in the state courts a new claim under state law with respect to their allegation that the Authority has failed to set any parole date for them.

Affirmed.