**Leon GILBERT, Appellant,**

v.

**Honorable James S. CORCORAN, Individually and as Judge of the 22nd Judicial Circuit, et al., Appellees.**

**No. 75–1847.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1976.

Decided March 3, 1976.

Leon Gilbert, pro se.

Cornelius T. Lane, Jr., Sp. Asst. Public Defender, St. Louis, Mo., filed brief of appellees, Charles Stone and Marilyn Wallach.

John F. Gillespie, Asst. Circuit Atty., St. Louis, Mo., filed brief for appellees, Judge Corcoran and Brendan Ryan.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is a pro se civil rights action brought by Leon Gilbert, an inmate of the Missouri State Penitentiary. Gilbert

filed a petition in the District Court[1] alleging that he had been denied effective assistance of counsel at state court proceedings in which he was convicted of burglary. Gilbert named as defendants the judge presiding at his trial, the prosecuting attorney, and two of the public defenders appointed to represent him, and sought damages of $500,000. The District Court dismissed the petition for failure to state a cause of action. Gilbert has taken this appeal.

A judge is immune from civil liability for damages when he acts within the scope of his jurisdiction. A prosecutor is similarly immune when acting in his proper prosecutorial capacity. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 295 (1967); *Duba v. McIntyre,* 501 F.2d 590 (8th Cir. 1974); *Barnes v. Dorsey,* 480 F.2d 1057 (8th Cir. 1973). Gilbert's allegations are insufficient to state a claim that Judge Corcoran was acting in the clear absence of jurisdiction, or that Mr. Ryan, the prosecuting attorney, was acting outside his proper prosecutorial capacity. Therefore, we hold that dismissal as to these defendants was proper.

We hold that dismissal as to the public defenders was also proper. We need not reach the question of whether public defenders have any form of immunity from liability for damages; Gilbert's allegations of ineffective assistance of counsel are too conclusory to state a claim against the public defenders under 42 U.S.C. § 1983. *Ellingburg v. King,* 490 F.2d 1270 (8th Cir. 1974).

The judgment of dismissal is affirmed.

---

1. United States District Court for the Eastern District of Missouri, Honorable H. Kenneth Wangelin.