Christopher W. CAREAGA, Plaintiff,

v.

Judge Harry M. JAMES and the People of the City of St. Louis, Mo., Defendants.

No. 79–422–C(4).

United States District Court, E. D. Missouri, E. D.

Aug. 9, 1979.

Christopher W. Careaga, pro se.

Jack L. Koehr, City Counselor, Michael E. Hughes, Asst. City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on defendants' motion to dismiss and on plaintiff's motion for substitution of party.

Plaintiff brings this action pursuant to Title 42 U.S.C. § 1983 and Title 28 U.S.C. § 1343. The gist of his complaint is that his civil rights were violated by the late Judge Harry M. James who, when presiding at plaintiff's guilty plea and imposition of sentence in the Circuit Court of the State of Missouri, allegedly made various statements expressing regret that he was legally barred from imposing a death sentence upon plaintiff. Defendants have moved to dismiss and plaintiff has moved to substitute the successor to Judge James as a defendant. For the reasons stated below the defendants' motion must be granted and plaintiff's motion will be denied as moot.

At the outset the Court notes that plaintiff's action is based solely on the statements allegedly made by Judge James. He is not attacking the voluntariness of his guilty plea nor is he challenging the conditions of his confinement.

Pleadings, particularly those of pro se plaintiffs, are to be liberally construed when challenged by a motion to dismiss, *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). In this action, however, it is clear that, assuming plaintiff's allegations to be true, the actions of Judge James are within the scope of judicial immunity. See *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976); *Johnson v. Reagan*, supra. Furthermore, as the action of defendant James during the course of his official duties are protected by the doctrine of immunity, the claim against the people of the City of St. Louis on a theory that the judge was their authorized representative is not cognizable.

Finally, as plaintiff has not stated a claim upon which relief can be granted, the motion to substitute the successor to Judge James as a defendant is moot. Accordingly, the action will be dismissed and the motion to substitute a party will be denied as moot.