616 F.2d 1062
 Christopher W. CAREAGA, Appellant,
v.
Judge Harry M. JAMES, the People of the City of St. Louis,
Missouri a Municipal Corporation, by Alphonso J. Cervantes
and Jim Conway, authorized agents of the City of St. Louis,
Collectively in their Official Capacity, Appellees.
 No. 79-1723.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 10, 1980.
Decided March 17, 1980.
Rehearing Denied April 9, 1980.
 
 Christopher W. Careaga, pro se.
 Jack L. Koehr, City Counselor, and Michael E. Hughes, Asst. City Counselor, St. Louis, Mo., for appellees.
 Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This pro se civil rights suit was brought pursuant to 42 U.S.C. § 1983 by plaintiff, a Missouri state inmate, against Judge Harry M. James and the people of St. Louis. Plaintiff, who plead guilty to four felony charges in 1971, alleged in substance that after he plead guilty, Judge James, then presiding in the circuit court of the State of Missouri, expressed regret that he was legally barred from imposing a death sentence. The district court[1] held that the alleged actions of Judge James were within the scope of his judicial immunity (citing Gilbert v. Corcoran, 530 F.2d 820 (8th Cir. 1976); Johnson v. Reagan, 524 F.2d 1123 (9th Cir. 1975)), and held that the claim against the people of St. Louis, based on a theory the judge was their authorized representative, was not cognizable. The district court further denied as moot plaintiff's motion to substitute as a defendant the successor to Judge James who had died. Based on those holdings the court by separate judgment dismissed the complaint with prejudice on August 9, 1979, and plaintiff appeals.
 
 
 2
 Taking plaintiff's allegations as true, the act of sentencing and comments made by Judge James incident to sentencing plaintiff were clearly judicial acts and within the scope of judicial immunity enjoyed by Judge James, Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331, rehearing denied, 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); McClain v. Brown, 587 F.2d 389 (8th Cir. 1978); Gilbert v. Corcoran, 530 F.2d 820, 821 (8th Cir. 1976); and plaintiff's allegations were insufficient to state a claim that Judge James' action and comments were in the clear absence of jurisdiction.
 
 
 3
 Plaintiff's attempt to join the people of St. Louis, through the mayor, on the theory that Judge James was the representative of the people likewise lacks merit. Any attempt to hold the mayor, city, or people of St. Louis liable is predicated upon a theory of respondeat superior which does not apply in suits brought under 42 U.S.C. § 1983. Cotton v. Hutto, 577 F.2d 453, 455 (8th Cir. 1978) (and cases cited therein). See also Ronnei v. Butler, 597 F.2d 564, 566 (8th Cir. 1979).
 
 
 4
 Affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri