**Rev. Jahue H. BROWN, Plaintiff,**

v.

**John R. GIBSON, et al., Defendants.**

No. 82–0345–CV–W–8.

United States District Court,
W.D. Missouri, W.D.

Sept. 26, 1983.

Jahue H. Brown, pro se.

E. Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., for defendants.

ORDER

STEVENS, District Judge.

Plaintiff seeks $600 million in actual damages and $300 million in punitive damages for alleged violations of his constitutional rights. Defendants are United States Judges John R. Gibson and D. Brook Bartlett. Judge Gibson formerly served in this district before his appointment to the United States Court of Appeals for the Eighth Circuit, and Judge Bartlett currently serves in this district. Defendants have

moved for judgment on the complaint, or in the alternative, for summary judgment. In addition, defendants seek summary judgment on their counterclaim for injunctive relief against plaintiff pursuant to 28 U.S.C. § 1651, the All Writs Act. Plaintiff has responded to the motions in pleadings filed January 6 and August 3, 1983.

Plaintiff is no stranger to this court. He has filed numerous actions against private individuals and public officials. Judges who rule adversely to plaintiff are particularly likely to become defendants in subsequent actions, as is the case here. Judges Gibson and Bartlett join Judges Clark, Wright, Sachs, Oliver, Collinson, Hunter, and Van Sickle and Magistrates Hamilton and Ralston on the list of judicial officers sued by plaintiff in various actions. In fact, only the undersigned and Judge Roberts of this court have yet to be sued by plaintiff.

■ The two-page handwritten complaint filed in this case contains conclusory allegations of constitutional violations essentially identical to those previously considered and dismissed in the consolidated cases of *Brown v. Wright,* No. 81–0467–CV–W–7 (W.D.Mo. Mar. 23, 1982), and *Brown v. Hamilton,* No. 81–0651–CV–W–7 (W.D.Mo. Mar. 23, 1982) (attached as Exhibit A). Even when construed most favorably to plaintiff, the instant allegations are devoid of factual support, and entry of judgment on the complaint is appropriate. *See Nickens v. White,* 536 F.2d 802, 803 (8th Cir.1976).

■ In addition, and as an alternative basis for this decision, it is apparent that plaintiff is complaining of acts performed by defendants in their judicial capacities. Each defendant has filed an affidavit in which he states that, prior to this action, his only contact with plaintiff had been while acting in his judicial capacity with apparent jurisdiction over the person and subject matter. Therefore, judicial immunity applies, and summary judgment against plaintiff on his complaint is appropriate. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' ").

By their counterclaim, defendants seek to enjoin plaintiff from bringing additional frivolous lawsuits, which waste scarce judicial resources. Less than two months before this action was filed, plaintiff was admonished to heed the doctrine of judicial immunity and in the future initiate suit against a judicial officer only when he can allege and proffer factual support for the defendants having acted clearly without jurisdiction. In the past the plaintiff has three times initiated suit against judges of this and other courts, all of which have been dismissed either for failure to state a claim or upon the basis of judicial immunity. The deficiencies found in those suits mirror those found here. Therefore, should the plaintiff choose to continue these suits in an unabated fashion, the Court will consider enjoining plaintiff, as it has other parties that have brought repeated baseless suits. Such an order would subject the offending party to sanctions for contempt of court should it not be heeded. The Court hopes this advisement will suffice to deter future groundless litigation and that the sanctions available will not need to be invoked.

*Brown v. Wright,* No. 81–0467–CV–W–7, slip op. at 5 (W.D.Mo. Mar. 23, 1982) (attached as Exhibit A). The instant case demonstrates that this admonishment has gone unheeded. In addition, the sheaf of handwritten pleadings filed by plaintiff on August 3, 1983, contains an attack on the undersigned and indicates that yet another frivolous action against a member of this court for an alleged violation of plaintiff's civil rights will be forthcoming.

■ Plaintiff's blatant abuse of the judicial process can no longer continue unchecked. Plaintiff's right of access to the court is not absolute or unconditional. *Green v. Warden,* 699 F.2d 364, 369 (7th

Cir.1983). *See also Green v. White,* 616 F.2d 1054 (8th Cir.1980). This is particularly true where plaintiff has demonstrated a propensity for filing numerous meritless and vexatious lawsuits which clutter the docket of this court and put defendants to the time and expense of answering frivolous and frequently incomprehensible allegations. Henceforth, plaintiff will be required to seek leave from this court before filing a civil action in this district. *See Green,* 699 F.2d at 367.

Accordingly, it is

ORDERED that defendants' Motion for Judgment in Favor of the Defendants on the Plaintiff's Complaint or, in the Alternative, Motion for Summary Judgment is granted, and this case is dismissed with prejudice. It is further

ORDERED that defendants' Motion for Summary Judgment on Defendants' Counterclaim is granted. It is further

ORDERED that plaintiff, Jahue H. Brown, is henceforth enjoined from commencing any civil action in this district except upon the conditions hereinafter specified. Plaintiff shall first file a Motion for Leave to File Civil Action. Attached to such motion shall be a copy of the proposed complaint. In addition, the motion shall be supported by plaintiff's affidavit, which shall contain the following information:

1. The names of all proposed defendants.

2. The factual allegations upon which the claim is based.

3. The legal basis for the claim.

4. Whether plaintiff has previously litigated the claim.

Upon the filing of a Motion for Leave to File Civil Action which satisfies the above requirements, the court will assess the motion, proposed complaint, and affidavit to determine whether the pleadings state a claim as a matter of law. In making this determination, the court will accept as true the factual allegations contained in plaintiff's affidavit, but *only* for the purpose of considering the Motion for Leave to File Civil Action. If a claim is stated, plaintiff will be granted leave to proceed with the proposed action. If not, the motion for leave will be denied.

A Motion for Leave to File Civil Action which does not satisfy the above requirements will not be considered by the court. In addition, should plaintiff commit any of the following acts, he may be found in contempt of court and punished accordingly, that is, for:

1. Making a false affidavit in support of a Motion for Leave to File Civil Action.

2. Failing to file an affidavit in support of a Motion for Leave to File Civil Action.

3. Attempting to commence a civil action in this district without first filing a Motion for Leave to File Civil Action.

4. Disobeying any other provision of this order.

Upon presentation by plaintiff of a Motion for Leave to File Civil Action, the clerk of the court shall place the matter upon the miscellaneous docket and shall assign it to a judge who has not previously recused in an action brought by plaintiff. Should plaintiff attempt to commence any civil action without first filing a Motion for Leave to File Civil Action, the clerk of the court shall retain a copy of the pleading submitted by plaintiff and shall note thereon the time it was received. The clerk shall return the original pleading to plaintiff unfiled and shall report the matter to the court. It is further

ORDERED that the procedures outlined above shall not apply to any action involving plaintiff which is presently pending in this district.

### EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REV. JAHUE H. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 81–0467–CV–W–7 |
| vs. | ) |
| | ) |
| JUDGE SCOTT O. WRIGHT, | ) |
| JUDGE RICHARD H. RALSTON, | ) |
| and JUDGE HOWARD F. SACHS, | ) |
| | ) |
| Defendants. | ) |

and

REV. JAHUE H. BROWN,

        Plaintiff,

          vs.

CHIEF JUDGE CALVIN K. HAMILTON,

        Defendant.

Case No. 81–0651–CV–W–7

## MEMORANDUM AND ORDER

JOHN R. GIBSON, District Judge.

By handwritten complaint, the *pro se* plaintiff has initiated the above-captioned causes alleging that the defendants have discriminated against him and otherwise violated his federally-protected rights. Defendants Scott O. Wright and Howard F. Sachs are each United States District Judges of the Western District of Missouri, and defendants Richard H. Ralston and Calvin K. Hamilton are, respectively, Magistrate and Chief Magistrate of this Court. Plaintiff's complaint against defendants Wright, Sachs and Ralston, *in toto,* reads:

> For violating my, constitutional Rights, and Discrimination, (me) of my civil Rights, and Bill of Rights, and Human Rights, of The Federal Judicial procedures, Rights of the Standard Pretrial order, No. 1 and Pretrial order No. 2, A, to J, and inproper Judicial conduct, ignoring, all of the Federal Judicial Rules procedure, and insulting me Racially, (By) violating, my 14th, and 5th, and 7th and 6th and number 1 amendment, and 4th amendments.
>
> I am filing and asking actual Damages $400,000,000.00, other words, four Hundred Million and for punitive Damages, $200,000,000.00 Total, Suit, for Violating; my constilutional Rights Because of my Race, Color, Creed, and Breed, $600,000,-000.00 Six hundred Million Dollars.

Plaintiff's complaint against defendant Hamilton is virtually identical with respect to the allegations made.

In response to the plaintiff's complaint, the defendants have filed motions to dismiss or, in the alternative, to grant summary judgment. The defendants contend that plaintiff's claims are totally devoid of factual support, set forth only in an insufficiently broad and conclusory manner. More poignantly, the defendants maintain that their only contacts with the plaintiff have been during the course of their official duties, and hence they are completely immunized from suit.

It is quite apparent that, as the defendants contend, plaintiff's complaints set forth only broad and conclusory statements unsupported by factual allegations. It is axiomatic that such averments are insufficient to state a claim upon which relief can be granted, *Cf. Ellingburg v. King,* 490 F.2d 1270, 1271 (8th Cir.1974), and would accordingly support the grant of a motion to dismiss. Fed.R.Civ.P. 12(b)(6). However, according the plaintiff a certain amount of latitude as is necessary where the plaintiff is proceeding *pro se, Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court will look to the various documents attached to the complaints in these actions in an effort to ascertain the circumstances, occurrences or events which support, or at least clarify, the claim being presented.

Even maintaining a liberal view as to the pertinence of the package of documents the plaintiff has twice filed in each of these actions, it is apparent that there are very, very few of the documents which are even remotely relevant to the present action. The most numerous among the documents are copies of news articles regarding the transgressions of various judicial officers throughout the world. Because these articles have no bearing on the case before this Court, they will be disregarded in evaluating plaintiff's claims. The plaintiff has also supplied the Court with copies of his pastoral appointment, military discharge, a letter of recommendation and several letters thanking him for his concern in the area of prisoner's rights. As these, too, are irrelevant, they will also be disregarded by this Court.

The only documents which do appear to elucidate plaintiff's claims are copies of motions and orders, or portions thereof, filed

or entered in lawsuits previously initiated by the plaintiff in this Court. Several of these documents are orders dismissing the plaintiff's cases and portions of motions to dismiss filed by the defendants therein. The remainder of the documents which deal with the plaintiff's past litigation in this Court are motions filed by the plaintiff to disqualify these defendants and other judges of this Court then presiding over plaintiff's cases. In these motions, plaintiff reiterates, as he does in the present complaints, that the defendants are "guilty" of violating his constitutional rights. He claims they have ignored the Federal Rules of Civil Procedure, particularly Fed.R.Civ.P. 26(e) and have violated 28 U.S.C. § 1654 which deals with the right of representation.

What is apparent in reviewing these documents in light of plaintiff's allegations is that the acts complained of, whatever they might be, were performed by the defendants when acting in their judicial capacities. The defendants have all attested to the fact that they have had no contact with the plaintiff beyond that necessitated by their judicial offices when assigned a particular case and were at all times acting within their jurisdiction. It is well-settled that "judges . . . are not liable for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 356–357, 98 S.Ct. 1099, 1104–1105, 55 L.Ed.2d 331 (1978). Therefore, the defendants are cloaked in an absolute judicial immunity and the veil of immunity will only be pierced when the judge acts in the *clear absence of jurisdiction. Stump v. Sparkman,* at 356, 98 S.Ct. at 1104; *McClain v. Brown,* 587 F.2d 389 (8th Cir.1978); *Gilbert v. Corcoran,* 530 F.2d 820 (8th Cir.1976). Accordingly, absent a showing by specific facts that there is a genuine issue as to whether the defendants were acting totally without jurisdiction, summary judgment is otherwise appropriate in this action.

The plaintiff has wholly failed to make such a showing and has, instead, responded to the defendants' motions to dismiss or grant summary judgment by launching a vague and convoluted attack on the constitutionality of dismissing a case without first conducting a trial. He contends such a dismissal of his case would be violative of the seventh amendment, the Federal Rules of Civil Procedure, the Privileges and Immunities Clause and various statutory provisions.

The Federal Rules of Civil Procedure, particularly Rules 12 and 56, do contemplate the judgment of a case on the pleadings when, *inter alia,* the Court lacks jurisdiction, the plaintiff has failed to state a claim upon which relief can be granted or one party is entitled to a judgment in his favor as a matter of law. The grant of a motion to dismiss or for summary judgment is given when, basically, there is no authority or reason to allow the case to proceed to trial. Moreover, that such a grant does not violate the nonmoving party's right to a jury trial has been repeatedly established. *See,* e.g., *Giordano v. Lee,* 434 F.2d 1227, *cert. denied,* 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (8th Cir.1970). The plaintiff's remaining contentions regarding the propriety of such an action are also frivolous.

Accordingly, as the plaintiff has wholly failed to show the existence of a material issue of fact for trial and has failed to successfully challenge the appropriateness of granting a motion to dismiss or for summary judgment; and, as summary judgment is otherwise appropriate here due to the doctrine of judicial immunity, the defendants' motions for summary judgment will be granted and the plaintiff's case dismissed, with prejudice, meaning plaintiff cannot relitigate these claims.

It should be noted that in his response to the defendants' motions, the plaintiff contends that if this suit is dismissed upon their motions, further suits will result. Plaintiff is admonished to heed the doctrine of judicial immunity and in the future initiate suit against a judicial officer only when he can allege and proffer factual support for the defendants having acted clearly without jurisdiction. In the past the plain-

tiff has three times initiated suit against judges of this and other courts, all of which have been dismissed either for failure to state a claim or upon the basis of judicial immunity. The deficiencies found in those suits mirror those found here. Therefore, should the plaintiff choose to continue these suits in an unabated fashion, the Court will consider enjoining plaintiff, as it has other parties that have brought repeated baseless suits. Such an order would subject the offending party to sanctions for contempt of court should it not be heeded. The Court hopes this advisement will suffice to deter future groundless litigation and that the sanctions available will not need to be invoked.

Accordingly, it is

ORDERED (1) that defendants' motions to dismiss or, in the alternative, grant summary judgment should be, and hereby are, granted. It is further

ORDERED (2) that the above-captioned causes should be, and hereby are, dismissed with prejudice.

Kansas City, Missouri,

Dated: 3–23–82.