Terry James **QUASCHNICK,** Plaintiff,

v.

**STATE OF MINNESOTA; Robert Borner, individually and as Trooper of the Minnesota State Patrol; the City of Chaska, a Municipal Corporation; William Noll, individually and as Corporal of the City of Chaska Police Department, Defendants.**

**Civ. No. 4–84–768.**

United States District Court,
D. Minnesota,
Fourth Division.

July 18, 1985.

ceeding in others in which they, or plaintiffs' counsel, are participants.

Richard J. Haefele, Chaska, Minn., for plaintiff.

Douglas J. Muirhead, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., for defendants City of Chaska and William Noll.

Michael B. Miller, Sp. Asst. Atty. Gen., St. Paul, Minn., for defendants State of Minnesota and Robert Borner.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Terry Quaschnick, brought this action for damages against defendants, the state of Minnesota, Robert Borner, the city of Chaska, and William Noll, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights to due process and equal protection of the laws and alleging negligent assault and battery. Jurisdiction is alleged under 28 U.S.C. § 1343(3) and (4) and pendent jurisdiction. This matter is presently before the court on the motion of Noll and the city of Chaska to dismiss.

*Background*

The following facts are alleged by plaintiff in his complaint and are taken as true for purposes of this motion to dismiss under Fed.R.Civ.P. 12(b)(6).

On April 6, 1984, at approximately 12:00 a.m. plaintiff was stopped while driving his automobile in Chaska, Minnesota and arrested for driving while under the influence of alcohol and for having a dealer license plate on a private automobile. The arresting officer was William Noll, a police officer for the city. Plaintiff was then handcuffed and taken to the Carver County Courthouse in Chaska. At the courthouse the plaintiff was interrogated regarding the dealer license plate by Robert Borner of the state highway patrol and Noll. During the interrogation Borner and Noll beat and assaulted the plaintiff. Plaintiff further alleges that the state and city failed to properly train, supervise, direct and control the actions of Borner and Noll, resulting in the beating of the plaintiff. Plaintiff filed this complaint on July 30, 1984 alleging violation of his constitutional rights in

count I and negligent assault and battery in count II.

*Discussion*

*City of Chaska*

The city of Chaska moves for dismissal on the grounds that there is no allegation that Noll had a known or discoverable propensity towards violence. It asserts that a city cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory and that therefore an isolated incident such as the allegation here is insufficient to state a claim against the municipality.

■ The claims against the city of Chaska should be dismissed. On count I plaintiff has failed to state a cause of action against the city. Respondeat superior is not permitted as a basis for recovery under 42 U.S.C. § 1983. *E.g., Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Careaga v. James,* 616 F.2d 1062, 1063 (8th Cir.) (per curiam), *cert. denied,* 449 U.S. 851, 101 S.Ct. 140, 66 L.Ed.2d 62 (1980). While a governmental entity may be liable. if an official's unconstitutional actions are in furtherance of a policy, custom, or practice of the unit, *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), such liability requires proof of city policy or custom. *Wing v. Britton,* 748 F.2d 494, 498 (8th Cir.1984); *Marchant v. City of Little Rock,* 741 F.2d 201 (8th Cir.1984). No allegation or showing of a policy, custom, or practice has been made by plaintiff; thus, the complaint fails to state a claim against the city. Because the federal claims against the city are to be dismissed, the state claims in count II should also be dismissed for lack of pendent jurisdiction.[1]

*William Noll*

■ The motion to dismiss the § 1983 claim against Officer Noll raises more diffi-

cult and unsettled factual and legal issues. Noll concedes that the use of excessive force by police officers as alleged in the complaint states a deprivation of a liberty interest protected by the Fourteenth Amendment of the United States Constitution. The mere deprivation of a protected interest is not actionable, however. There must be deprivation without due process. *See Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Noll argues that the availability of a post-deprivation damages remedy under state law provides all the due process required by the Fourteenth Amendment under these circumstances. Accordingly, Noll seeks dismissal of plaintiff's claim.

In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court adopted the position advocated by Noll in the context of a negligent deprivation of a property right. Thus, in *Parratt* the deprivation of property was not a due process violation because the state provided a meaningful post-deprivation remedy. This analysis has been extended to the unauthorized intentional deprivation of a property right. *See Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984).

Contrary to what Noll argues, however, courts have split on the issue of whether the *Parratt* analysis should apply to the deprivation of a liberty interest. Noll relies on the well-crafted opinion in *Hanson v. Larkin,* 605 F.Supp. 1020 (D.Minn.1985), which reflects Chief Judge Donald D. Alsop's view of the developing law.

In *Hanson,* the court dismissed the § 1983 claim on the facts presented but noted that the Supreme Court and the Eighth Circuit Court of Appeals have yet to decide whether the *Parratt* analysis is applicable to the deprivation of a liberty interest. Other courts have found that an intentional or negligent deprivation of a liber-

---

**1.** It is not clear from the complaint whether count II is even directed against the city. of
Chaska.

ty interest may violate the due process clause and thus form the basis for a claim under § 1983.[2] *See, e.g., Wilson v. Beebe,* 743 F.2d 342 (6th Cir.1984) (*Parratt* is inapplicable to intentional or negligent deprivations of life or liberty).

The court has carefully considered all of the memoranda and the proceedings in this case and finds that the motion to dismiss should be denied. In addition to the legal uncertainty surrounding the important constitutional issues raised, the facts in this case are not yet developed. The record that has been made indicates that the facts may differ in several aspects from those in *Hanson v. Larkin.* The issues of whether *Parratt* extends to the liberty interests asserted and whether there is an adequate state remedy in this case can best be determined after the facts are fully developed at trial. Thus, under the circumstances presented, dismissal of the plaintiff's § 1983 claim against Noll is inappropriate at this time.

Noll has also requested that the court certify this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292. Interlocutory review is not favored and is inappropriate in this case based on the court's determination that the facts should be developed before resolution of these issues.

### ORDER

Accordingly, based on the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. The motions of defendant city of Chaska to dismiss count I and II of the complaint is granted; and these counts are dismissed with prejudice as against the city of Chaska.

2. The motion of defendant William Noll to dismiss denied.

**2.** Justice Blackmun, in his *Parratt* concurrence stated:
> This suit concerns the deprivation only of property and was brought only against supervisory personnel, whose simple 'negligence'

was assumed but, on this record, not actually proved. I do not read the Court's opinion as applicable to a case concerning deprivation of life or liberty.
451 U.S. at 545, 101 S.Ct. at 1918.