Terry James QUASCHNICK, Plaintiff,

v.

STATE OF MINNESOTA: Robert Borner, individually and as Trooper of the Minnesota State Patrol; The City of Chaska, a Municipal Corporation; William Noll, individually and as Corporal of the City of Chaska Police Department, Defendants.

Civ. No. 4-84-768.

United States District Court,
D. Minnesota,
Fourth Division.

July 30, 1986.

Richard J. Haefele, Chaska, Minn., for plaintiff.

Michael B. Miller, Sp. Asst. Atty. Gen., for Robert Borner.

Douglas J. Muirhead, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., for City of Chaska.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

DIANA E. MURPHY, District Judge.

Terry James Quaschnick brought this damage action under 42 U.S.C. § 1983 against the State of Minnesota, State Trooper Robert Borner, the City of Chaska, and Corporal William Noll of the Chaska Police Department. He alleges that he was beaten by Trooper Borner in the presence of Corporal Noll and that the state and Chaska failed properly to train, supervise, and control the actions of their employees. By Memorandum Opinion and Order dated July 18, 1985, 106 F.R.D. 587, this court granted Chaska's motion to dismiss counts I and II of the complaint as against the city. By Stipulation filed May 27, 1986, the State of Minnesota was dismissed without prejudice from the suit.

Trial to the court took two days. The court heard the testimony of plaintiff Quaschnick; defendants Noll and Borner; Jerome Lhotka, Carver County Deputy Sheriff; Harvey Radde, former Carver County Jailer; Carver County Sheriff Jack Hendrickson; Carver County Chief Deputy Duane Bickett; Douglas Oldenburg; and Warren Clark Breezee, a Chaska detective. Having considered the evidence produced at trial and having observed the demeanor of the witnesses and evaluated their credibility, the court hereby enters in memorandum form its findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

Shortly after midnight on April 6, 1984, plaintiff was stopped by defendant Noll after plaintiff's car had crossed over the center line of a two lane highway and nearly collided with Noll's squad car. Plaintiff was visibly intoxicated and failed an initial alcohol screening test. He was arrested for, and subsequently convicted of, driving while under the influence.

Plaintiff was transported to the Carver County Jail by Trooper Borner and taken

to a room to be questioned.[1] Once there he was advised of his rights, and defendant Noll read him the implied consent materials. Plaintiff, a large man, became loud, belligerent, and abusive. After talking with his attorney, he declined a blood alcohol test. Plaintiff tried to leave the room several times. Defendants Borner and Noll restrained him from doing so. During this struggle, plaintiff ended up on the floor. The officers did not use unreasonable force, nor did they beat or assault him.

Plaintiff was then booked into the jail by jailer Radde. He told Radde that Noll and Borner had beaten him up, but Radde could see no blood, cuts, or other visible signs of injury. He placed plaintiff into a cell where plaintiff subsequently fought with two of his cellmates. Later plaintiff complained of a sore jaw; he was taken to a hospital where his jaw was examined.

The evidence is undisputed that a struggle took place between plaintiff and defendant officers and that plaintiff ended up on the floor. It is also undisputed that plaintiff was intoxicated and belligerent. Although plaintiff may have been injured some in this struggle, the officers used no more force than necessary to restrain him. The officers did not beat or assault him, nor did they violate his constitutional rights. In light of this finding, it is unnecessary to consider the other issues raised by the parties.

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that defendants Robert Borner and William Noll are entitled to dismissal of plaintiff's claims against them, and the complaint is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

1. Noll requested and received assistance to take Quaschnick to the county jail because he was