Dov Avni **KAMINETZKY** and **Marta Azucena P. De Lentino**—Individually and d/b/a "Brain Power" and "Fraud Busters" as Assignees and/or Grantees, as Custodians UGMA, as Trustees and/or Optionee, Plaintiffs,

v.

**FROST NATIONAL BANK OF HOUSTON, et al.,**
Defendants;

Dov Avni **KAMINETZKY** Individually and d/b/a "Fraud Busters", as Assignee of Three Texas Corps., as a Custodian UGMA for Two Minor New York State Residents and Trustee for Four New York Investors, Plaintiffs,

v.

**PARK NATIONAL BANK,**
et al., Defendants.

Civ. A. Nos. H–94–4207, H–94–3055.

United States District Court,
S.D. Texas,
Houston Division.

March 17, 1995.

Dov Avni Kaminetzky, Houston, TX, pro se.

Richard T. Howell, Jr., Moore & Howell, Houston, TX, for Frost Nat. Bank of Houston, Michael J. Moser, Patrick W. Rutledge, David W. Beck, Tom C. Frost, Norton B. Hargis, Jr.

Janet Douvas Chafin, Jackson & Walker, Houston, TX, for Lisa H. Pennington, Janet Duvas Chafin, Barry J. Palmer, Dotson Babcock & Schofield, P.C., John B. Schofield, Jackson & Walker LLP.

Henry Clay McGuffey, Asst. Atty. Gen., Austin, TX, for Gregory W. Abbott.

Gary L. Murphree, Leonard Hurt Terry & Blinn, Houston, TX, for First Nat. Bank of Belville, Texas, Thomas Lance Granberry, Keith Kidwell, Melvin Hintzel.

Thomas H. Weed, Houston, TX, pro se.

Rhea H. Laws, Sugarland, TX, pro se.

Jerel J. Hill, Houston, TX, for Soverign Title Co.

Paul J. Franzetti, Sinex & Stephenson, Houston, TX, for National Realty Consultants Inc., Ronald P. Little Inc.

Harry M. Thomson, Jr., Houston, TX, for John Wesley Wauson.

Gregg S. Weinberg, Giessel Stone Barker Lyman, Stephen Gregory Hunt, Houston, TX, for Stephen G. Hunt, Charles Nissan.

Neil M. Leibman, William Bradford Le-Vay, Ramsey & Murray, Houston, TX, for Phillip F. Barletta.

Henry Clay McGuffey, Asst. Atty. Gen., Austin, TX, for Richard P. Bianchi.

Rhonda R. Chandler, Bonham Carrington & Floyd, Houston, TX, for Clinton Dunn, Robert Pierce.

Philip Werner, Hohmann Werner & Taube, Houston, TX, for Thomas L. Hunt.

Thomas L. Hunt, Houston, TX, pro se.

Terry L. Hart, Houston, TX, pro se.

Timothy M. McCloskey, Bonham Carrington & Fox, Houston, TX, for Christopher D. Williams.

*PRECLUSION ORDER*

HITTNER, District Judge.

On September 2, 1994, Plaintiff Dov Avni Kaminetzky, et al. ("Kaminetzky") filed cause

number H–94–3055 against approximately 29 defendants alleging a multitude of claims pursuant to federal statutes. Kaminetzky also sought a judicial determination that defendants are "racketeers and conspirators," and sought to recover monetary relief in the amount of $228,500,000.00. Kaminetzky filed cause number H–94–4207 alleging similar causes of action on December 13, 1994, against approximately 45 individuals and entities seeking to recover $382,500,000.00 in damages. In both cases Kaminetzky alleged a private cause of action pursuant to several federal banking and criminal statutes. The allegations in the complaints apparently stem from a loan made by several of the defendants to Kaminetzky of which he later defaulted payment. Following the default, a civil action was filed against Kaminetzky in state court to recover the deficiency on the loan. Defendants argue that the instant federal litigation resulted from Kaminetzky's dissatisfaction with the results in the state court action and was merely an attempt to retaliate against those individuals involved in the state suits. Defendants also note that Kaminetzky sued not only the parties who were plaintiffs in the state suit but also any attorney who was even tangentially involved in those cases and even several judges who presided over the state action. On February 28, 1995, the Court entered final judgments in favor of the defendants in both federal causes, after dismissing all of the claims against the defendants.

The Court determines that although these causes have been dismissed, the frivolous and the vexatious nature of these complaints and the manner in which the claims were subsequently prosecuted, warrants further action by the Court to prevent Kaminetzky from further filings of meritless actions related to the claims alleged in the aforementioned cases. These measures are necessary to prevent further unnecessary and costly expenditure incurred by the judicial system and the defendants in adjudication of and defending against these type of actions. Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein.

Numerous federal courts throughout the United States have held that there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious and consequently approved the practice of enjoining certain litigants from filing pleadings and complaints when necessary to deter vexatious and frivolous filings or to protect the integrity of the courts and the orderly and expeditious administration of justice.[1] Other courts, while not actually

1. *See, e.g., Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir.1993) (holding that courts may impose regulatory injunctions designed to prohibit the filing of duplicative and frivolous actions); *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1499 (5th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994) (enjoining the plaintiff from instituting any new proceedings based on the facts underlying this dispute in any federal court, in any Texas state court, or in any other state court); *Tripati v. Beaman,* 878 F.2d 351, 352–53 (10th Cir.1989) (stating that there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious and a district court has the power to enjoin litigants who abuse the court system); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987) (holding that an order requiring leave of court before plaintiffs file any further complaints is the proper method for handling the complaints of prolific litigators); *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 360 (5th Cir.1986) (stating that a plaintiff acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets); *Abdullah v. Gatto,* 773 F.2d 487, 488 (2d Cir.1985) (per curiam) (holding that a court may require petitioners to seek leave of the district court before filing *in forma pauperis* actions); *Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C.Cir.1985) (per curiam) (declaring that it is well settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice); *In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986) (affirming the district court's order granting an injunction against a vexatious *pro se* litigant); *Green v. Warden,* 699 F.2d 364, 370 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983) (holding that the Court of Appeals has authority to issue an injunction requiring petitioner's future claims to be "original"); *In re Green,* 669 F.2d 779, 787 (D.C.Cir. 1981) (per curiam) (ordering district court to enjoin a *pro se* litigant from filing suit without leave of the court, and requiring the litigant to certify, on penalty of contempt, that his claim had not previously been litigated in federal court); *Pavilonis v. King,* 626 F.2d 1075, 1078–

precluding a litigant from filing a claim have recognized the inherent authority of the courts to prevent frivolous filings.[2] The United States Supreme Court has taken similar injunctive action to prevent frivolous filings. In *In re McDonald,* 489 U.S. 180, 183–85, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989), the Supreme Court denied a petitioner's request to proceed *in forma pauperis* and moreover, directed the clerk of the court not to accept any further petitions from the petitioner for extraordinary writs until the docketing fees were paid.

The Fifth Circuit has likewise sanctioned contentious conduct by parties and prohibited them "from contacting the Clerk's office of this Court or the chambers of any judge on this Court by telephone or in person." *Goodman v. Ballou, et al.,* No. 94–00162 (5th Cir. Nov. 1, 1994). The Fifth Circuit has also acknowledged that those individuals who abuse the courts may be denied access to the judicial system. *Id.* Thus, this Court is authorized to enjoin future filings when necessary to deter vexatious filings which clog the judicial machinery with meritless litigation or are a flagrant abuse of the judicial process. The Court determines that based on the frivolous nature of the allegations filed by Kaminetzky that enjoining further filings without leave of court is warranted in this instance. Therefore, based on the foregoing, the Court hereby

ORDERS the following:

(1) until such time as the Court may order otherwise, Kaminetzky or any individual or entity acting on his behalf, or Kaminetzky acting on behalf of any other individual or entity, is hereby ENJOINED from filing any action, complaint, or motion that directly or tangentially raises an issue alleged in cause numbers H–94–3055 and H–94–4207 in this Court without first obtaining leave of Court

---

79 (1st Cir.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980) (holding that the district court did not exceed the scope of its powers in restraining the plaintiff from filing further lawsuits unless she first satisfied the district court that her pleadings were sufficiently plain and definite, in compliance with the Federal Rules of Civil Procedure); *Gordon v. United States Department of Justice,* 558 F.2d 618 (1st Cir.1977) (per curiam) (stating that the law is well established that it is proper and necessary to issue an injunction barring a party from filing and processing frivolous and vexatious lawsuits); *Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir.), *cert. denied,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972) (enjoining a *pro se* litigant from filing further suits relating to his discharge from the army); *Clinton v. United States,* 297 F.2d 899, 901–02 (9th Cir.1961), *cert. denied,* 369 U.S. 856, 82 S.Ct. 944, 8 L.Ed.2d 14 (1962) (permanently enjoining a plaintiff from making claims against the United States, of any nature whatsoever, arising from petitioner's service aboard the SS Plymouth Victory); *Daniels v. Stovall,* 660 F.Supp. 301, 306 (S.D.Tex.1987) (directing a plaintiff not to file any further causes of action until all monetary sanctions imposed against her had been paid in full and satisfactory proof thereof had been furnished); *Goad v. United States,* 661 F.Supp. 1073, 1081–82 (S.D.Tex.) *aff'd in part and vacated in part on other grounds,* 837 F.2d 1096 (1987), *cert. denied,* 485 U.S. 906, 108 S.Ct. 1079, 99 L.Ed.2d 238 (1988) (enjoining plaintiff from filing any further causes of action until all monetary sanctions imposed had been paid in full and satisfactory proof thereof had been furnished); *Brown v. Gibson,* 571 F.Supp. 1075, 1077 (W.D.Mo.1983) (requiring a plaintiff to seek leave of court before filing any new civil actions); *Han-*

*son v. Goodwin,* 432 F.Supp. 853, 858 (W.D.Wash.), *appeal dismissed,* 566 F.2d 1181 (9th Cir.1977) (enjoining the plaintiffs from commencing any legal proceeding against any federal judge, federal attorney, federal law enforcement officer, or other federal employee without prior leave of court); *Boruski v. Stewart,* 381 F.Supp. 529, 535 (S.D.N.Y.), *aff'd,* 493 F.2d 301 (2d Cir.1974) (holding that the issuance of an injunction is proper to prohibit baseless filings in cases where a disappointed litigant brings a subsequent action alleging that the adverse decisions of previous litigation resulted from prejudice or misconduct of virtually every person in authority associated with the claim); *Rudnicki v. McCormack,* 210 F.Supp. 905, 908–10 (D.R.I.1962), *appeal dismissed,* 372 U.S. 226, 83 S.Ct. 679, 9 L.Ed.2d 714 (1963) (enjoining the plaintiff from filing additional complaints without prior leave of court against any state or federal judge, officer or employee).

**2.** *See, e.g., Procup v. Strickland,* 792 F.2d 1069, 1074 (11th Cir.1986) (holding that the district court's injunction, restricting a prisoner from filing any case unless submitted by an attorney admitted to practice before the court, was overbroad but acknowledging that the district court had a responsibility to prevent litigants from unnecessarily encroaching on judicial machinery); *Sires v. Gabriel,* 748 F.2d 49, 52 (1st Cir. 1984) (recognizing the courts' power to direct the litigant to seek leave of court before filing pleadings in any new or pending lawsuit, but requiring findings which indicate that the petitioner's litigation efforts abused the judicial process or harassed the defendant).

from the Chief Judge of the United States District Court for the Southern District of Texas. Any new motions, complaints, or actions which Kaminetzky seeks to file in this Court will not be docketed until the Chief Judge of the United States District Court for the Southern District of Texas grants Kaminetzky written leave to file;

(2) any new motion, complaint, or action which Kaminetzky seeks to file in this Court shall be accompanied by a Motion for Leave to File Complaint/Motion. The Clerk of this Court shall forward such action and motion to the Chief Judge of the United States District Court for the Southern District of Texas for submission of the motion.

(3) failure of Kaminetzky to comply with this Order or continuous filing of any vexatious and/or frivolous complaints, motions, or actions raising similar issues addressed in the above referenced cases may result in the imposition of sanctions and/or a criminal contempt citation.

SIGNED at Houston, Texas, on this the 16 day of March, 1995.